UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-21292-ALTMAN/REID

JASON L. RICHARDSON,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

This cause is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (the "Motion"). [ECF No. 3]. The Motion was referred to me by the Honorable Roy K. Altman for a Report and Recommendation. For the reasons discussed below, it is **RECOMMENDED** that the Motion be **GRANTED**.

### I.    Standard of Review

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit the includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee. [ECF No. 3].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained

> Section 1915(d)[1] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1).

## II. Discussion

Here, Plaintiff alleges that Defendant Internal Revenue Service ("IRS") have withheld, or misdirected, his stimulus payments totaling $3,200, in violation of his Fifth Amendment and Fourteenth Amendment Due Process rights. *See generally* [ECF No. 1]. Specifically, Plaintiff contends that he never received three stimulus checks issued by the federal government in response to the Coronavirus Pandemic. These stimulus payments, issued in March 2020, January 2021, and March 2021, were in the amount of $1,200, $600, and $1,400, respectively. [*Id.* at 5]. Plaintiff asserts he never received these stimulus payments, in part, because he was incarcerated at Miami-Dade County Jail from February 29, 2020, through December 10, 2021. [*Id.* at 6]. During that

---

[1] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

time, Plaintiff states that he never gave any person permission to apply for the stimulus payments on his behalf. [*Id.*]. Upon his release, Plaintiff filed his income tax return for 2019–2020. [*Id.*]. Thereafter, Plaintiff provides that the "tax preparer" informed him he was eligible to receive the stimulus payments. [*Id.*]. When Plaintiff received his income tax return, he learned he did not receive the stimulus payments. [*Id.* at 7]. After contacting the "Stimulus Recovery Hotline," a representative informed Plaintiff that someone impersonating him had requested the stimulus checks in his name and that "the money was put on a debit card." [*Id.*]. The federal government representative Plaintiff spoke to told him that a "full investigation has to be done and within [] six months [he] would hear something regarding the issue." [*Id.*]. Plaintiff alleges he never heard back and that he has exhausted all administrative remedies. [*Id.*].

As a response to the COVID-19 pandemic, the federal government enacted three major laws, each of which "authorized direct payments to almost every American adult with an income below $75,000." *Hayes v. Graves*, No. 4:21-cv-00347-LPR, 2022 WL 822881, at *2 (E.D. Ark. Mar. 16, 2022).

> The first—the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136, 134 Stat. 281 (2020))—authorized a $1,200.00 stimulus payment to each eligible taxpayer. 26 U.S.C. § 6428(a). The second—the Consolidated Appropriations Act ("CAA") (Pub. L. 116-260, 134 Stat. 1182 (2020))—authorized a payment of $600.00. 26 U.S.C. § 6428A(a). The third—the American Rescue Plan Act ("ARPA") (Pub. L. 117-2, 135 Stat. 4 (2021))—authorized a $1,400.00 stimulus payment. 26 U.S.C. § 6428B(b).

*Taylor v. Internal Revenue Serv.*, No. 122CV00027HSOBWR, 2022 WL 4545121, at *2 (S.D. Miss. Sept. 28, 2022). Generally, it is well-established that as the sovereign, "the Untied States is immune from suit unless it consents to be sued." *Untied Sates v. Dalm*, 494 U.S. 596, 608 (1990). "The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds," under 26 U.S.C. § 7422(f)(1). *Mut. Assur., Inc. v. United States*, 56 F.3d

3

1353, 1355 (11th Cir. 1995). The United States, however, has only consented for this waiver to apply where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the secretary established in pursuance thereof.

26 U.S.C. § 7422(a). "That is, '[b]efore filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS.'" *Taylor*, 2022 WL 822881, at *3 (quoting *Douglas v. Dep't of Treasury – Internal Revenue Serv.*, No. A-21-CV-617-RP, 2021 WL 3761221, at *2 (W.D. Tex. Aug. 25, 2021)).

Here, Plaintiff claims he has "exhausted all of [his] administrative remedies." [ECF No. 1 at 8]. Thus, Plaintiff should be permitted to proceed *in forma pauperis*.

### III.   Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] be **GRANTED**.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 15th day of June 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE


cc: **All Counsel of Record**